UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHISHOLM'S-VILLAGE PLAZA, LLC.,

    Plaintiff,

vs.  No. _____

TRAVELERS COMMERCIAL
INSURANCE COMPANY;THE
CINCINNATI INSURANCE COMPANY;
WILL BURKE; and BURKE INSURANCE GROUP,

    Defendants.

**COMPLAINT FOR BREACH OF CONTRACT, VIOLATIONS OF THE NEW MEXICO INSURANCE PRACTICES ACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE AND FOR DECLARATORY JUDGMENT**

    For its Complaint against defendants Travelers Commercial Insurance Company ("Travelers") and The Cincinnati Insurance Company ("Cincinnati"), Plaintiff Chisholm's-Village Plaza, LLC ("Chisholm's") states the following:

**I.
Nature of Case**

    1.    This case arises from Chisholm's defense of claims asserted against it by the City of Las Cruces and the County of Dona Ana in a lawsuit styled *City of Las Cruces, et al. v. United States of America, et al.*, 2:17-cv-00809-JCH-GBW in federal court in the District of New Mexico ("the Litigation"). In the Litigation, Plaintiffs the City of Las Cruces and the County of Dona Ana ("Plaintiffs") initially filed suit against the United States of America and the United States Defense Department ("federal defendants") for recovery of response costs that Plaintiffs incurred in assessing and responding to an area designated by the United States Environmental Protection Agency (the "U.S. EPA") as a federal Superfund site: the Griggs & Walnut Ground Water Plume

(the "Site"). Prior to the filing of the litigation, the U.S. EPA designated Plaintiffs and the federal defendants as responsible parties for the releases of hazardous substances at the Site under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), as amended by the Superfund Amendment and Reauthorization Act of 1986, 42, U.S.C. §§ 9601 *et seq*. The Plaintiffs alleged in the Litigation that the federal defendants were responsible parties within the meaning of Section 107 of CERCLA and therefore liable under Sections 107 and 113 of CERCLA for all response costs incurred and to be incurred in the future to abate the release of contaminants at the Site.

2. In August 2018, one year after filing the Litigation against the federal defendants, Plaintiffs amended their Complaint to assert claims against Chisholm's, and other local Las Cruces businesses, for indemnity and/or contribution under Sections 107 and 113 of CERCLA. In addition to seeking contribution from Chisholm's under Section 113 of CERCLA for Chisholm's allocable share of the costs necessary to respond to the release of hazardous substances at the Site, the amended complaint alleged that Chisholm was jointly and severally liable under Section 107 of CERCLA for all costs of response, even the costs resulting from releases of hazardous substances from property owned and operated by other third parties.

3. Chisholm's retained undersigned counsel to represent it in the Litigation and thereafter submitted Plaintiffs' Amended Complaint to its insurance agent for assistance in placing Chisholm's insurers on notice of a third-party claim. Eventually, four insurance companies, including Travelers and Cincinnati, were identified as companies that provided third party general liability policies to Chisholm's, which obligated those companies to provide indemnity benefits and a defense against the claims asserted against Chisholm's in the Litigation.

4. In the Litigation, Chisholm's ultimately established that it was not a responsible party within the meaning of Section 107 of CERCLA and secured an agreement from Plaintiffs to dismiss all claims asserted against Chisholm's, with no liability for response costs on the part of Chisholm's. Chisholm's then re-tendered to all four insurers its previous request for the defense costs it had incurred in successfully defending against the claims asserted in the Litigation.

5. Despite repeated demand, two of the four insurance companies, Travelers and Cincinnati, have refused to honor their duty to defend Chisholm's and have asserted a number of baseless, legally unsupportable and pretextual reasons for disclaiming their duty to defend under the policies. Accordingly, Chisholm's seeks a judgment declaring that each insurer has a duty to pay the defense costs incurred by Chisholm's in the Litigation. Chisholm's further seeks damages against each insurer for breach of contract, violations of the New Mexico Insurance Practices Act, breach of the covenant of good faith and fair dealing, and negligence.

## II.
## Parties, Jurisdiction and Venue

6. Plaintiff Chisholm's is a domestic New Mexico limited liability company duly organized under the laws of the State of New Mexico, with its principal place of business at 606 West Amador Avenue, Las Cruces, New Mexico 88005.

7. Defendant Travelers is a foreign corporation organized and existing under the laws of the State of Connecticut and authorized to conduct business in the State of New Mexico. Travelers regularly transacts business in New Mexico through the sale of insurance policies and derives substantial economic benefit from the sales of those policies. Accordingly, Travelers is subject to personal jurisdiction in the State of New Mexico and may be served through the New Mexico Department of Insurance.

8. Defendant Cincinnati is a foreign corporation organized under the laws of the State of Ohio. Cincinnati regularly transacts business in New Mexico through the sale of insurance policies and derives substantial economic benefit from the sale of those policies. Accordingly, Cincinnati is subject to personal jurisdiction in the State of New Mexico and may be served through the New Mexico Department of Insurance.

9. Pursuant to 28 U.S.C. § 1332, the Court has subject matter jurisdiction because Chisholm's, Travelers and Cincinnati are all citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds Seventy-Five Thousand Dollars ($75,000.00).

10. The underlying litigation for which Chisholm's seeks insurance defense costs was brought in the United States District Court for the District of New Mexico, and the environmental contamination forming the basis of the underlying litigation occurred in New Mexico. Accordingly, venue is proper in the United States District Court for the District of New Mexico pursuant to 28 U.S.C. § 1391(b)(2).

### III.
### Facts Common to All Counts and Applicable Policies of Insurance

11. In the Litigation, Plaintiffs asserted alternative claims against Chisholm's relating to its alleged liability for response costs incurred and to be incurred at the Site. First, Plaintiffs alleged that Chisholm's, as a present owner of property from which hazardous substances were released, was liable under Section 113 of CERCLA to contribute its proportionate share of response costs resulting from the alleged releases of hazardous substances from the Chisholm's property. Second, and most important, Plaintiffs also alleged that Chisholm's was liable under Section 107 for 100% of the costs of response, including the costs attributable to releases from property owned and operated by entities other than Chisholm's.

12. The Amended Complaint did not constitute an action by a governmental authority to require a responsible party to cleanup contamination; rather, the Litigation was an action brought *by* responsible parties under CERCLA, i.e., the City of Las Cruces and Dona Ana County, to obtain reimbursement for the response costs the City and County incurred as a result of an action by a governmental authority, i.e., the U.S. EPA, requiring the City and County to clean up the Site.

13. According to the Amended Complaint, while Chisholm's was purportedly responsible for less than 2% of the hazardous substances found at the Site, Plaintiffs asserted that Chisholm's was jointly and severally liable for 100% of the costs necessary to respond to the contamination and to clean-up the Site.

14. In November 2018, Chisholm's promptly submitted copies of Plaintiffs' Amended Complaint to its present insurance agent, and to its former insurance agent, to identify and locate applicable policies of insurance.

15. Because Chisholm's is a well-established business that has existed for more than 25 years in various corporate forms, the identification of applicable policies of insurance was not a straightforward task. However, each successive corporate form carried on the exact original business as its predecessor entity, and the change in corporate form was not material to the issuance of the insurance policies. Further, after the filed Litigation, Chisholm's was assigned all rights under all applicable policies of insurance providing defense and indemnity benefits.

16. Chisholm's tendered claims to the four insurance companies for the defense costs Chisholm's had incurred and would incur defending against the Litigation, and for indemnity benefits to which Chisholm's was entitled under the policies of insurance.

17. Between 2018 and 2019, counsel for Chisholm's vigorously defended Chisholm's in the Litigation. As a result of the vigorous defense presented by Chisholm's in the Litigation, in late 2019, counsel for Chisholm's secured from Plaintiffs an agreement to dismiss all claims against Chisholm's, with no liability apportioned to Chisholm's.

18. After securing this result for their insured, counsel for Chisholm's again demanded from all insurers the defense costs Chisholm's had incurred in defending against the Litigation. Cincinnati and Travelers refused to honor and continue to refuse to honor their duties to defend under the policies of insurance. Consequently, Chisholm's was compelled to file this action.

### IV.
### Cincinnati Policies and Improper Denial of Coverage

19. Investigation into applicable policies of insurance revealed that Chisholm's was insured under Cincinnati Policies CPP1070353, during the period December 31, 2009 through December 31, 2012, and EPP0172787 during the December 31, 2012 through December 31, 2017 ("the Cincinnati Policies"). The Cincinnati Policies were standard commercial general liability policies that provided for both indemnity benefits and defense costs.

20. In early 2019, Chisholm's tendered a notice of claim for full defense and indemnity benefits under the Cincinnati Policies for defense of the Litigation and any resulting liability.

21. In March 2019, Cincinnati denied coverage for the Litigation and informed Chisholm's that it would not be providing Chisholm's a defense for the Litigation. As its basis for its first denial of Chisholm's claim for defense and indemnity benefits under the Cincinnati Policies, Cincinnati claimed that coverage was precluded because the policies excluded coverage for claims arising out of the release of pollutants at property owned by the insured.

22. Chisholm's responded to Cincinnati's improper denial by noting that Plaintiffs' Amended Complaint asserted that Chisholm's was liable for 100% of the contamination that had been released from property owned and operated by third parties, and not solely for an alleged release of pollutants from property owned by Chisholm's. Chisholm's again made a demand for prompt acknowledgement of Cincinnati's duty to defend and for the defense costs to which it is entitled under the Cincinnati Policies.

23. In November 2019, Cincinnati again denied Chisholm's demand for a defense in the Litigation, asserting, again incorrectly, that the pollution exclusion clause precluded coverage and also because coverage did not exist for the costs of responding to a government-mandated cleanup of contaminants.

24. Chisholm's responded in December 2019, notifying Cincinnati that Plaintiffs' Amended Complaint sought to hold Chisholm's responsible for the costs to abate contamination from property other than the property owned and occupied by Chisholm's and that, as a result, the Amended Complaint alleged facts which could conceivably invoke coverage and that the duty to defend, which is distinct from the duty to indemnify, had thus been triggered. Chisholm's also reiterated that the City and County sought reimbursement of response costs and were not acting as a regulatory body seeking to compel an environmental clean-up by Chisholm's.

25. Cincinnati has not responded to either the December 2019 or the January 2020 correspondence.

V.
**Travelers' Policies**

26. Investigation into the identification of available insurance policies revealed the following applicable policies of insurance: IMP30107954800 [effective 10/10/94 – 11/01/95];

IMP30107954801 [effective 11/01/95 – 12/31/95]; IMP30107954802 [effective 12/31/95 – 12/31/96]; IMP30107954803 [effective 12/31/96 – 12/31/97]; IMP30107954804 [effective 12/31/97 – 12/31/98]; BFS00000221056 [effective 12/31/98 – 12/31/99]; BFS00000508313 [effective 12/31/99 – 12/31/00]; and BK00758177 [effective 12/31/00 – 12/31/01] (together "the Travelers' Policies"). The Travelers' Policies were standard commercial general liability policies that provided for both indemnity benefits and defense costs.

27. In August 2019, Chisholm's tendered a claim for full defense and indemnity benefits under the Travelers' Policies.

28. Travelers responded in August 2019, by noting that "coverage may be limited" because they purportedly did not receive notice of the Litigation at or around the time it was filed.

29. Travelers more fully responded in October 2019 by asserting, without a thorough investigation, that it had no duty to defend an entity named "Chisholm's-Village Plaza LLC," despite not ascertaining the true nature of, and relationship between, the successive corporate forms. Travelers also noted that the pollution exclusion "could" potentially limit or preclude coverage. Despite Travelers lack of supportable bases for a denial of coverage, Travelers denied Chisholm's claim for the defense benefits Travelers was obligated to provide under the Travelers' Policies.

30. Chisholm's responded to Travelers in November 2019 and January 2020, noting that Chisholm's was a successor in interest to the named insured and was therefore entitled to coverage under the Travelers' Policies. Chisholm's further provided Travelers with the same proposal provided to Cincinnati regarding payment of defense costs incurred by the insured now that the insured faced no further liability in the Litigation.

31. Travelers responded in January 2020 and asserted coverage was not available under the Travelers' Policies for the following reasons: (1) the pollution exclusion clause precluded coverage because the property damage alleged in Plaintiffs' Amended Complaint was "caused" by the release of pollutants from property currently owned by Chisholm's; (2) the policies precluded recovery of loss arising out of a request that the insured cleanup pollutants; (3) the policies precluded coverage for loss arising out of a claim by a governmental authority for cleanup of environmental contamination; (4) Chisholm's Village-Plaza is not a named insured; and (5) Travelers was not provided prompt notice of the Litigation.

32. Travelers did not acknowledge that the Litigation was not one where a governmental authority was enforcing a statutory duty to clean up pollution caused by Chisholm's, nor did Travelers address that the Amended Complaint sought to hold Chisholm's responsible for releases of contaminates from property that Chisholm's did not own or occupy.  Further, Travelers' "investigation" into whether Chisholm's was entitled to the defense and indemnity benefits under the policy amounted to a minutes-long internet search.  Finally, Travelers made no effort to determine why the claim was submitted when it was nor did Travelers explain how, or even if, it was prejudiced by the timing of the claim submission.

33. As a result of Travelers' unreasonable and unjustifiable refusal to provide defense benefits, Chisholm's was constrained to file this suit.

**COUNT I**
**Breach of Contract**
**Cincinnati and Travelers**

34. Chisholm's reasserts and incorporates by reference the allegations in paragraphs 1 through 33 the same as if fully set forth.

35. Each of the above-referenced policies constitutes a legal and enforceable contract.

36. Under the terms of the referenced policies, the carriers each agreed to defend and indemnify Chisholm's for claims of property damage occurring during the policy periods for which Chisholm's became legally liable, and to defend Chisholm's against such claims, subject to policy terms and conditions.

37. Under New Mexico law, the duty to defend under an insurance policy is much broader than the duty of coverage, and New Mexico law imposes a duty to defend the entire complaint, not just the portion that falls within coverage under a policy of insurance.

38. Chisholm's has incurred defense costs in response to the claims asserted by Plaintiffs.

39. Chisholm's has made a timely demand for reimbursement of its defense costs.

40. Each of the insurers is liable to Chisholm's for the defense costs under the terms of the policies of insurance.

41. Each of the insurers has breached the insurance contract by failing to pay defense benefits to which they are contractually obligated to pay under the policies.

42. Each of the insurers has further breached its policy obligations to fairly investigate the claims made against Chisholm's in the Litigation by refusing to acknowledge that the Amended Complaint seeks to hold Chisholm's liable for property damage resulting from the release of hazardous substances from property owned by unrelated third parties.

43. Chisholm's has been damaged in the amount it has expended to defend against Plaintiff's claims in the Litigation and also by the costs and fees incurred to prosecute the present action.

44. Each of the insurers has unreasonably failed to pay Chisholm's' defense costs under the policies of insurance and Chisholm's is therefore entitled to an award of reasonable attorneys' fees and costs under NMSA 1978, § 39-2-1.

WHEREFORE, Chisholm's requests judgment on Count I as follows:

A. Compensatory damages in an amount to be proven at trial for defense costs;

B. Reasonable attorneys' fees and costs as provided by statute;

C. Pre-judgment and post-judgment interest to the fullest extent allowed by law; and

D. Such other relief the Court deems just and proper.

### COUNT II
### Unfair Insurance Practices
### Cincinnati and Travelers

45. Chisholm's reasserts and incorporates by reference the allegations in paragraphs 1 through 44 the same as if fully set forth.

46. In refusing to acknowledge their duty to defend, the insurers have engaged in an unfair claim practice as defined in NMSA 1978, Section 59A-16-3.

47. The insurers have willfully failed to implement reasonable standards for the prompt investigation and processing of Chisholm's' claim for defense costs and indemnity benefits by refusing to acknowledge that the Amended Complaint seeks to hold Chisholm's liable for property damage resulting from the release of contaminates from property owned by unrelated third parties, and refusing to acknowledge that the Amended Complaint does not involve a governmental requirement for cleanup of contaminates.

48. Cincinnati has further willfully failed to acknowledge and act reasonably promptly upon communications from Chisholm's by refusing to acknowledge or respond to Chisholm's offer of settlement of Chisholm's' claims.

49. Travelers has further willfully failed to implement reasonable standards for the prompt investigation and processing of Chisholm's' claim for defense costs and indemnity benefits by refusing to acknowledge that Chisholm's is entitled to the indemnity and defense benefits under the Travelers' Policies.

50. The insurers willfully have not attempted in good faith to effectuate a prompt and fair settlement of Chisholm's' claim, despite reasonably clear evidence of liability where the Amended Complaint, on its face, seeks to hold Chisholm's liable for property damage resulting from the release of contaminates from property owned by unrelated third parties, which irrefutably triggers the insurers' duty to defend.

51. The insurers have failed to provide a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable law for denial of coverage and have instead asserted that various policy terms preclude coverage or provide a basis for denial of the policy benefits when they have actual knowledge, or they are on notice, that those terms are ambiguous, otherwise inapplicable, or provide no legal basis for denial of policy benefits as follows:

    A.    Cincinnati and Travelers have both incorrectly asserted that coverage is excluded for the costs of responding to a governmental requirement for cleanup of contaminates despite the fact that the Amended Complaint demonstrates that the underlying litigation was private party litigation between potentially responsible parties under CERCLA;

  B. Cincinnati and Travelers have both incorrectly asserted that coverage is excluded for property damage caused by the release of contaminates from property owned by Chisholm's despite the fact that the Amended Complaint seeks to hold Chisholm's liable for property damage resulting from the release of contaminates from property owned by unrelated third parties;

  C. Travelers has incorrectly asserted that coverage is excluded because it purportedly did not receive timely notice of the claim, despite the fact that Travelers was notified as soon as practicable upon the discovery of the applicable policies of insurance; and

  D. Travelers has incorrectly asserted that coverage is excluded because Chisholm's is not the named insured despite the fact that Chisholm's is the successor in interest to the named insured and further has standing to assert a claim under the Travelers' Policies under an assignment of the claim.

52. After demand, the insurers failed to provide a defense to Chisholm's even though Plaintiffs' Amended Complaint stated facts which brought the case within potential coverage of the policies and thereby triggered the insurers' duty to defend because Amended Complaint seeks to hold Chisholm's liable for property damage resulting from the release of contaminates from property owned by unrelated third parties.

53. The insurers have merely provided rote recitations of their interpretations of policy terms, thereby demonstrating a discernable lack of knowledge of the complex nature of CERCLA environmental claims that differentiate these claims from general environmental claims under standard commercial general liability coverages.

54. Upon information and belief, the insurers have failed to adopt and implement adequate standards and procedures for handling complex CERCLA environmental claims.

55. The insurers have failed to give at least equal regard to Chisholm's interests in securing its rights under the insurance policies as they did to their own interests in attempting to avoid the expense of complying with their coverage obligations.

56. The insurers' unreasonable course of conduct with respect to Chisholm's' claims represents corporate policies and practices to ignore their obligations under the insurance policies and force insureds, like Chisholm's, into litigation to vindicate their rights to insurance coverage.

57. The insurers' unreasonable course of conduct, including manufacturing legally and factually untenable bases for denial of coverage, was knowingly and willfully calculated to frustrate the agreed upon purposes of the insurance policies.

58. The insurers' unreasonable course of conduct, including failing to ascertain the legal premise for Plaintiffs' claims against Chisholm's in the Litigation, was knowingly and willfully calculated to prevent Chisholm's from obtaining the defense benefits for which Chisholm's bargained in obtaining the insurance policies from the insurers.

59. These acts, along with other acts committed by insurers, constitute unfair insurance practices.

60. Chisholm's has incurred actual damages as a proximate result of the insurers' bad faith insurance practices in amounts to be proven at trial.

61. Based on the insurers' willful and malicious acts in refusing to honor their obligations to provide Chisholm's a defense under the insurance policies, Chisholm's is entitled to an award of punitive damages.

WHEREFORE, Chisholm's requests judgment on Count II as follows:

A.    Actual damages to Chisholm's, in an amount to be proven at trial, including costs incurred by Chisholm's in defending the Litigation;

B.    Attorneys' fees incurred to prosecute this action and to attempt to voluntarily obtain the insurers' commitment to pay defense and indemnity benefits, as provided by NMSA 1978, Section 59A-16-30;

C.    An award of punitive damages against insurers for their willful and malicious denial of the defense benefits to which Chisholm's is entitled;

D.    Pre-judgment and post-judgment interest to the fullest extent allowed by law; and

E.    Such other relief the Court deems just and proper.

## COUNT III
## Breach of the Covenant of Good Faith and Fair Dealing
## All Insurers

62.    Chisholm's reasserts and incorporates by reference the allegations in paragraphs 1 through 61 the same as if fully set forth.

63.    Each insurer has been provided with information sufficient to determine its duty to defend Chisholm's under the circumstances.

64.    The insurers have not acted honestly nor in good faith in the performance of their respective duties under the applicable policies.

65.    No insurer has acted reasonably under the circumstances by conducting a timely investigation and a fair evaluation of its duty to defend and provide indemnity benefits to Chisholm's.

66. The insurers have failed to give at least equal regard to Chisholm's' interests in securing Chisholm's rights under the above-referenced policies as they did to secure their interests in attempting to avoid the expense of complying with their coverage obligations.

67. The insurers' actions represent corporate policies and practices that ignore their obligations under policies and force Chisholm's and other similarly-situated insureds to initiate court proceedings merely to vindicate their contractual rights to insurance coverage.

68. The insurers' actions have been and are knowingly and willfully calculated to frustrate the agreed upon purpose of the above-referenced policies and to injure Chisholm's right to receive the benefits of the policies in order to further the economic interests of the insurers by avoiding their obligations to defend Chisholm's.

69. Chisholm's has been injured because it has been required to expend resources responding to each insurer's inquiries and by the costs and fees required to prosecute this action.

70. The actions of the insurers are reckless, based on dishonest judgment, malicious, willful, and wanton, such that the imposition of punitive damages is justified.

WHEREFORE, Chisholm's requests judgment on Count III as follows:

A. An award of actual damages in an amount to be proven at trial;

B. An award of attorneys' fees necessary to prosecute this action;

C. An award of punitive damages sufficient to deter the carriers from engaging in similar conduct in the future;

D. Pre-judgment and post-judgment interest to the fullest extent allowed by law; and

E. Such other relief the Court deems just and proper.

## COUNT IV – Declaratory Judgment
## All Insurers

71. Chisholm's reasserts and incorporates by reference the allegations in paragraphs 1 through 70 the same as if fully set forth.

72. An actual controversy exists regarding whether the allegations of Plaintiffs' Amended Complaint in the Litigation trigger the insurers' duties to defend under the above-referenced policies.

73. An actual controversy exists regarding each insurer's duty to defend under the above-referenced policies.

WHEREFORE, Chisholm's requests judgment on Count IV as follows:

A. Declaring that the allegations contained in Plaintiffs' Amended Complaint triggered the insurers' duties to fully defend Chisholm's;

B. Declaring that each insurer is obligated to reimburse Chisholm's for all defense costs under the above-referenced policies; and

C. Such other relief the Court deems just and proper.

## Jury Trial Demand

Chisholm's hereby demands a trial by jury on all counts so triable.

Respectfully submitted,

HINKLE SHANOR LLP

*/s/ Thomas M. Hnasko*
Thomas M. Hnasko
Julie A. Sakura
Dioscoro "Andy" Blanco
Post Office Box 2068
Santa Fe, NM 87504-2068
(505) 982-4554
thnasko@hinklelawfirm.com
jsakura@hinklelawfirm.com
dblanco@hinklelawfirm.com
*Attorneys for Plaintiff Chisholm's-Village Plaza, LLC*